# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV620-101 |
| | ) | |
| WARDEN TREVONZE BOBBIT | ) | |
| and COMMISSIONER OF G.D.C., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Daniel Cobble, brings this 28 U.S.C. § 2241 petition seeking habeas relief. Doc. 1. His recent release from state custody, *see* doc. 11, moots his claims and the Court **RECOMMENDS** that the petition be **DISMISSED**. *Id*. As Cobble has been deemed a vexatious litigant with a history of failing to fully disclose his prior cases, the Court further **RECOMMENDS** that the disclosure requirement described in the Court's June 17, 2021 Order, doc. 6, be imposed on all of his future habeas filings in this district.

The Court screens this petition pursuant to the applicable habeas rules, which requires dismissal if it "appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." *See* R. Gov. § 2254 Cases 4 (requiring the Court to review and dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also* R. Gov. § 2254 Cases 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  Cobble filed this 28 U.S.C. § 2241 petition alleging that the Georgia Department of Corrections failed to provide beneficial privileges related to his state sentence during his incarceration.  Doc. 1 at 4.  As he only seeks relief related to his incarceration, his subsequent release precludes the Court from granting any meaningful relief.  *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."); *but see Mitchell v. Middlebrook*, 287 Fed. App'x 772, 775 (11th Cir. 2008) (finding that release from custody did not make moot a § 2241 petition where the petitioner could still receive reduced or modified term of supervised release).  Therefore, the petition should be **DISMISSED as moot**.

The dismissal of this petition does not obviate Cobble's lack of transparency and good faith. Prisoners are not permitted to file successive habeas petitions without first seeking leave from the Eleventh Circuit. 28 U.S.C. § 2244. To ensure compliance with this requirement, the Court directs petitioners to disclose any and all prior federal habeas petitions at the time of filing. *See* doc. 1 at 3 (directing petitioner to disclose any "petition, application, or motion regarding the issues raised in this petition"). The Court is aware of eight § 2241 petitions filed by Cobble between November 3 and 23, 2020. Doc. 6 at 3–4 (listing cases). None of which included an adequate disclosure of his litigation history.

Cobble is known to the Court as a vexatious and abusive litigant with a prolific filing history. Doc. 6. His behavior has resulted in the impositions of filing restrictions within this district in his non-habeas cases. *See Cobble v. United States Gov't, et al.*, CV6:20-100, doc. 57 at 2–8 (S.D. Ga. Dec. 3, 2020) (imposing filing restrictions). This same conduct gives reason for the Court to suspect that plaintiff is actively attempting to conceal his successive claims. *See, Cobble v. United States Gov't*, et al., CV6:20-100, doc. 16 at 3–4 (S.D. Ga. Nov. 9, 2020) (observing that plaintiff

has filed cases under a different surname and on behalf of other prisoners in order to avoid restrictions).

By Order of June 17, 2021, the Court directed Cobble to prepare and file a list of all cases that he has filed before this or any other court. Doc. 6. The Court was subsequently advised by Georgia State prison that he was released from state custody. Doc. 11. In order to allow Cobble a fair opportunity to respond to the Court's Order, the response deadline is **EXTENDED** to September 1, 2021.

As Cobble's lack of adequate disclosure is not limited to a single case, a broader action is required. To facilitate future analysis of his compliance with § 2244, the Court recommends that Cobble be specifically directed to submit a complete list of all of his prior cases before this and any other court, including every involved party, the considering court, the docket number, and every asserted claim with any future habeas petitions he files in this district. The list should also include the following language: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on (date)."[1] 28 U.S.C. § 1746.

In summary, the Court **RECOMMENDS** that the petition be **DISMISSED as moot**. Doc. 1. The Court further **RECOMMENDS** that Cobble be required to append to all future habeas petitions and motions filed in this district a complete list of all of his then prior and pending habeas actions. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added); Rule 1(b) of the Rules Governing

---

[1] When signing submissions, plaintiff attempts to expunge the phrase "under penalty of perjury" from the affirmation included on the Court's standard forms, replacing it with "God only." *See, e.g. Cobble v. Bobbit, et al.*, CV6:20-101, doc. 1 at 6 (S.D. Ga. Nov. 3, 2020). This action does not eliminate the legal consequences of any inaccuracies or attempts to deceive. Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Section 2254 Proceedings for the United States District Courts (applying the rules to petitions brought under § 2241).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

The Court believes Cobble to be in federal custody, following his release from state incarceration. *See United States v. Cobble*, CR 5:14-077, doc. 766 (M.D. Ga. Aug. 24, 2020) (sentencing Cobble to serve 120 months of federal incarceration to run concurrent to his state sentence). To date, the Court has not been informed of Cobble's current place of confinement. To ensure reliable service of this Report and Recommendation, the Clerk of Court is **DIRECTED** to prepare and transmit to the Marshal a USM 285 form, a copy of this this Order and Report and Recommendation, and a copy of the Court's June 17, 2021 Order (Doc. 7). The United States Marshal is **DIRECTED** to determine Cobble's currently place of confinement and effect service of the documents. The completed USM 285 form shall be filed with the Clerk. *See Dunn v. Fed. Express*, 2014 WL 1028949, at *3 (N.D. Ga. Mar. 14, 2014).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of August, 2021.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA